UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA CRITES,

        Plaintiff,                              Civil No. 05-6128-HA

        v.                                     ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

HAGGERTY, Chief Judge:

       Plaintiff brings this action pursuant to § 205(g) and 1631(c)(3) of the Social Security Act (SSA), as amended, 42 U.S.C. §§ 405(g), 1383(c)(3). She seeks judicial review of a decision of

1 -- ORDER

the Commissioner of the Social Security Administration (SSA) denying her request for a hearing to reconsider the Commissioner's denial of her application for disability insurance benefits (DIB).

The Commissioner moves to dismiss on grounds that this court lacks jurisdiction because plaintiff failed to complete the administrative review process that is required before judicial review is permissible. For the reasons provided below, the court concludes that the Commissioner's Motion to Dismiss for Lack of Jurisdiction [8] is denied, but that the record fails to support plaintiff's colorable claims asserting due process deprivations. The Commissioner's decision refusing to reopen plaintiff's 2003 application for DIB is based on correct legal standards and is supported by substantial evidence in the record.

ADMINISTRATIVE HISTORY

For the purposes of this litigation, this court need only review the reconsideration process undertaken after plaintiff's DIB claim was denied initially on November 19, 2003. Plaintiff filed a Request for Reconsideration regarding the claim denial without assistance of counsel. The Commissioner issued a Notice of Reconsideration, dated February 20, 2004, which was sent to plaintiff's street address at 317 Conrad Street in Myrtle Creek, Oregon. *See* Ex. 1 to the Declaration of Paul D. Gould filed in support of Defendant's Motion to Dismiss (hereinafter Gould Decl.). This Notice upheld plaintiff's initial denial, and advised plaintiff that she could request a hearing before an Administrative Law Judge (ALJ) within sixty days of receipt of the Notice. *See* Ex. 1 of the Gould Decl.

Pursuant to 42 U.S.C. § 405(g), any individual, after a final decision of the Commissioner made after a hearing to which he or she was a party, may obtain a review of such decision by a

civil action commenced within sixty days after the mailing to the claimant of notice of the decision or within such further time as the Commissioner may allow.

Plaintiff filed a request for a hearing on July 23, 2004, five months after the Commissioner issued the Notice of Reconsideration. *See* Ex. 3 of the Gould Decl. After filing this request, plaintiff received a letter from an Social Security Administration (SSA) Claims Representative explaining that she needed to provide good cause for the untimeliness of her filing. *See* Ex. 2 of the Gould Decl. Plaintiff submitted an explanation that she "didn't receive mail at [the Myrtle Creek] address until 4-04[.]" *Id.* Additionally, plaintiff submitted a United States Postal Service Rural Customer Delivery Instructions form (Postal Service Delivery form) to support that she did not receive mail at the address to which the reconsideration notice was sent until April 9, 2004. *Id.*

The Commissioner, through ALJ James M. Caulfield, dismissed plaintiff's request for a hearing on September 24, 2004, concluding that plaintiff failed to show good cause for her untimeliness. *See* Ex. 3 of the Gould Decl. Plaintiff sought a review of this decision before the Social Security Appeals Council on November 23, 2004. *See* Ex. 4 of the Gould Decl. The Appeals Council denied review by issuing a Notice of Appeals Council Action dated March 1, 2005. Plaintiff's Complaint seeking judicial review of these decisions was filed on May 5, 2005.

ANALYSIS

Defendant argues that this court lacks jurisdiction because there has been no "final decision" by the Commissioner and plaintiff has failed to exhaust her administrative remedies. Df.'s Mem. in Support of Mo. to Dismiss at 2. Jurisdictional hurdles impede plaintiff's claim, but not because she failed to exhaust administrative remedies.

3 -- ORDER

Plaintiff's July 2004 "Request For a Hearing" (Ex. 2 to the Gould Declaration) is tantamount to a petition for the Commissioner to reopen plaintiff's denied 2003 application for DIB.  Pursuant to 20 C.F.R. § 416.1487, a claimant who is "dissatisfied with a determination or decision made in the administrative review process, but do[es] not request further review within the stated time period . . . lose[s] [his or her] right to further review and that determination or decision becomes final."  The ALJ's findings denying plaintiff's Request for a Hearing on grounds that plaintiff received the February 2004 Notice of Reconsideration and failed to make a timely request for a hearing (Ex. 3 to the Gould Declaration), and the Appeal Council's subsequent denial of plaintiff's request for review of this decision (Ex. 5 to the Gould Declaration) constitutes a decision by the Commissioner not to reopen the prior determination.

District courts lack jurisdiction to review the Commissioner's decision not to reopen a prior determination.  *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (a decision not to reopen a prior, final benefits decision is discretionary and not a final decision and therefore not subject to judicial review) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09, (1977)).  In *Sanders*, the Supreme Court construed 42 U.S.C. § 405(g) as limiting "judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'"  *Id*. at 108.  The petitioner in *Sanders* sought review of the Commissioner's decision not to reopen a previously denied application for disability payments.  Because a petition to reopen a prior final decision could be denied without a hearing, the Court held that the language of section 205(g) precluded judicial review of the Secretary's decision.  *Id*.; *see also Davis v. Schweiker*, 665 F.2d 934 (9th Cir. 1982) (*Sanders* precludes review of claims that, because they were barred by *res judicata*,

4 -- ORDER

could be denied without a hearing).[1]

The Court in *Sanders*, however, recognized a limited exception to this jurisdictional bar: "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109; *see also Evans*, 110 F.3d at 1482 (a colorable constitutional claim, unrelated to the manner or means of a decision not to reopen, was subject to judicial review) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990)); *see also Penner v. Schweiker*, 701 F.2d 256, 260-61 (3d Cir. 1983) (interpreting *Sanders* as holding that judicial review is proper when the Commissioner's decision to deny or discontinue Social Security benefits "is challenged on constitutional grounds notwithstanding the absence of a prior administrative hearing.").

In *Penner*, a mentally ill claimant contended that his request for an ALJ hearing was untimely because the agency notice for which the hearing was sought had been sent solely to him and not to his attorney. The Third Circuit held this to be a colorable constitutional claim and reversed the district court's order of dismissal for lack of jurisdiction. The case was remanded with instructions to the Commissioner "to make a determination, after considering such evidence as may be presented, whether mental incapacity prevented [the claimant] from understanding and pursuing his administrative remedies. Once such a determination is made the district court will have a sufficient record upon which to decide what relief, if any, is consonant with due process

---

[1] The issue of whether the absence of a hearing impacts the jurisdictional analysis is avoided here ultimately because – as in *Evans* – "the nature of the constitutional claim raised subjects the Commissioner's decision to judicial review, whether it was made after or without a hearing." *Evans*, 110 F.3d at 1482, n.1.

and the Secretary's regulatory scheme." *Penner*, 701 F.3d at 261.

Some similarities exist between *Penner* and the present case. Here, plaintiff challenges the agency's decision on constitutional grounds based upon lack of procedural due process. Specifically, plaintiff contends that she was denied procedural due process because the Agency forms led her to believe that she was required to list her street address, and her physical pain interfered with her mental capacity to such an extent that she could not "[understand] the implications of providing her street address." Pl.'s Resp. to Df.'s Mo. to Dismiss at 4-5. Plaintiff contends that the agency's "Request for Reconsideration" form led her to believe that she was required to list her "street address" as opposed to her "mailing address," and that this confusion exacerbated her inability to receive the Notice of Reconsideration in a timely fashion. Plaintiff also notes that her lack of legal representation deprived her of necessary assistance.

To support the asserted mental incapacity, plaintiff submits documents suggesting that she was suffering from cervical spondylosis around the time period that she requested reconsideration. Plaintiff contends that this condition significantly impaired both her physical and mental functioning, including her memory and ability to concentrate. *Id.* at 4. This court concludes that plaintiff presents colorable constitutional claims for which this court has jurisdiction. Therefore, defendant's Motion to Dismiss must be denied.

Plaintiff's constitutional claim alleges that the Commissioner deprived plaintiff of due process by providing her with misleading forms and by failing to determine fairly whether good cause existed for extending plaintiff's time to request review because of her impairments. Specifically, plaintiff contends that, in addition to the misleading forms, her impairments created a mental incapacity that prevented her from timely requesting review. For the following reasons,

plaintiff's claim is without merit.

Plaintiffs claim is based upon Social Security Ruling (SSR) 91-5p. SSR 91-5p provides that if a claimant presents evidence that mental incapacity prevented him or her from requesting timely review of an administrative action, and the claimant lacked legal representation at the time of the prior adverse action, the agency will determine whether good cause exists for extending the time allowed for requesting review.

Here, plaintiff failed to present evidence to the Commissioner sufficient to establish that mental incapacity prevented her from requesting timely review of the administrative action. Notably, in her initial request for a hearing by the ALJ, plaintiff does not assert that mental incapacity prevented her from filing her request timely. Rather, plaintiff states that she was unaware of the sixty-day deadline to file the request because the Notice of Reconsideration did not reach an address where she received mail. *See* Ex. 2 to the Gould Decl.

Plaintiff suggests some mental impairment in her subsequent Request for Review of Hearing Decision/Order. In that request, however, plaintiff asserts merely that her physical condition bothered her "concentration" and that she was experiencing "terrible problems with her memory." *See* Ex. 4 to the Gould Decl. Nothing in plaintiff's submissions supports an assertion that her physical condition impaired her mental capacity to such an extent that she was prevented from requesting a timely review of the administrative action. In fact, in a handwritten letter attached to her Request for Review of Hearing Decision/Order, plaintiff admits that, "[i]n all, [she did not] know why [she put her] street address on [the] form, instead of [her] mailing address." *Id.* After reviewing the evidence and the Record as a whole, this court concludes that SSR 91-5p is inapplicable and that no due process violation occurred.

CONCLUSION

For the foregoing reasons, this court concludes that the Commissioner's Motion to Dismiss for Lack of Jurisdiction [8] is denied, but that the record fails to support plaintiff's claims of due process deprivations. The Commissioner's decision refusing to reopen plaintiff's 2003 application for DIB is based on correct legal standards and is supported by substantial evidence in the record. This matter is DISMISSED.

IT IS SO ORDERED.

DATED this __24___ day of March, 2006.

_____/s/ Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge

8 -- ORDER